IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY E. SCHULTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-3537-CV-S-RED |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Stanley Schultz ("Plaintiff") seeks judicial review of the Commissioner's denial of disability insurance benefits and supplemental security income (SSI) benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq* and Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq,* respectively. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g) and Section 1631 of the Act, 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is

comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues three points of error by the ALJ. One, the ALJ erred in failing to find that Plaintiff's left ankle met the listing for dysfunction of a major weight bearing joint. Two, the ALJ erred in relying upon a premature and factually deficient report of a non-examining, non-physician in determining the Plaintiff's RFC. Three, the ALJ erred in not properly considering the medical evidence in the record relating to Plaintiff's mental impairments and subjective allegations.

*A. Plaintiff's Left Ankle and the Listing for Dysfunction of a Major Weight Bearing Joint*

Section 1.03 of the Listing of Impairments states as follows:

Reconstructive surgery or surgical arhrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

3

"Inability to ambulate effectively" is defined in Section 1.00B2b as an "extreme limitation of the ability to walk." It is "defined generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. pt. 404, Subpt. p, App. 1 § 1.00B2b. Moreover, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, be able to travel without companion assistance to and from work or school. *Id.*

In this case, Plaintiff testified that he could walk 50 yards. There is no evidence of assistive devices ever being considered or used for Plaintiff's ankle. Dr. Ball noted that Plaintiff complained of an inability to walk over uneven terrain. However, Dr. Ball's medical findings were that Plaintiff had difficulty with dorsiflexion and plantar flexion, but had a full range of motion in the foot, with circulation intact and no muscle atrophy or gross disorganization of motor function. Moreover, Plaintiff was able to heel and toe walk and squat. Dr. Ball did not find any gross restriction in his ability to sit, stand, walk, lift, carry, and handle small objects. Moreover, Dr. Ball stated that Plaintiff had no difficulty traveling. It is clear that the ankle impairment does not meet or equal the listed impairments.

However, Plaintiff also claims that his ankle, in combination with other impairments, meets or equals a listed impairment. The ALJ determined that Plaintiff had severe impairments as follows: degenerative joint disease of the right ankle, mild tendinitis of the shoulders, hypertension, gastroesophageal reflux disease, and low white blood cell count disorder[2] controlled by medication,

---

[2] In Plaintiff's brief, Plaintiff clarifies that this is a elevated white blood count disorder, not a low white blood count disorder. However, there is nothing in the medical record indicating that this disorder is disabling, therefore the mischaracterization by the ALJ appears to be

4

mild situational depression, and some remote history of alcohol abuse. There is no medical evidence showing that serious limitations were imposed upon him as a result of any of these impairments. Moreover, Plaintiff has not demonstrated, as is his burden, how these impairments are equal in severity to a listed impairment.

*B. The Determination of the RFC*

Ultimately, the ALJ concluded that the Plaintiff could perform work at the light exertional level with additional limitations. The claimant's residual functional capacity is assessed by the ALJ based on all relevant evidence. *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). Plaintiff claims that the ALJ erred by improperly relying on a non-physician assessment performed 13 months prior to the hearing. Plaintiff states that the ALJ's RFC is essentially the same as this assessment.

First, the Court notes that the report referred to by Plaintiff is listed in the record as done by a physician, although a "DDS physician." Even if this report was completed by a non-physician, it is consistent with other medical evidence in the record. For example, Dr. Ball stated that Plaintiff did not have any gross restriction in his ability to sit, stand, walk or lift, carry, and handle small objects, or traveling. Although Dr. Newton noted that Plaintiff had chronic conditions which had "limited his ability to work," the nature of these limitations were never determined. Dr. Hubbard expressed no limitations for Plaintiff. Dr. Ballard, who examined Plaintiff after the administrative hearing, found that Plaintiff could perform mild to moderate activities although there would be difficulty with heavy lifting. Dr. Ballard found no restrictions in Plaintiff's ability to walk. As the Defendant noted in her brief, the RFC by the ALJ was more restrictive than the limitation opined to by Dr. Ballard. The RFC determined by the ALJ is consistent with the medical evidence of record

---

harmless.

5

and is not in error.

*C. The ALJ's Credibility Determination and Determination of Plaintiff's Mental Impairments*

In assessing Plaintiff's credibility, the ALJ mentioned Plaintiff's favorable work history, and also noted that the hypertension, low[3] white blood count, and GERD were controlled by treatment or medication. The ALJ also considered the fact that Plaintiff had not undergone any surgery or hospitalization recently and had not been referred to physical therapy or a pain clinic. The ALJ did erroneously note that Plaintiff did not take strong medication, after he correctly noted that Plaintiff did take some strong pain medication. However, there is no indication in the record that Plaintiff's pain was not adequately controlled with medication or that Plaintiff had any side-effects to the medication. Moreover, to the extent the pain was not controlled, there is no indication that Plaintiff's pain was disabling in severity. Thus, although the ALJ did misstate the facts relative to Plaintiff's use of pain medication, it is harmless as the evidence is strong enough to support the outcome despite the misstatement. *Lubinski v. Sullivan*, 952 F.2d 214, 216 (8th Cir. 1991).

Moreover, relative to Plaintiff's mental impairments, even though the ALJ mentioned Plaintiff's demeanor at the hearing in his assessment, the ALJ utilized this demeanor as only one of several factors. The ALJ gave Dr. Salam's opinion little weight as is was not based on treatment notes or any evidence that Dr. Salam had seen Plaintiff personally. In fact the treatment notes by Mr. Harms and Ms. Carson, who are associated with Dr. Salam's clinic, establish a GAF of 60-70. Thus, it appears there was no error in the ALJ's discounting of Dr. Salam's opinion.

---

[3] As previously noted, the designation of "low" white blood count was in error, the Plaintiff appears to have suffered from an increased white blood count. However, the same analysis applies as nothing in the record demonstrates that the problem was not controlled by medication.

6

Case 6:04-cv-03537-RED   Document 18   Filed 02/02/06   Page 6 of 7

The ALJ articulated the inconsistencies of the record regarding Plaintiff's subjective complaints and concluded that those subjective complaints were not credible.  This result was supported by the evidence as a whole.

## IV.  Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's findings and that the decision as a whole is supported by substantial evidence. Accordingly, it is hereby **ORDERED** that the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED.**

DATE: February 2, 2006         　　*/s/ Richard E. Dorr*
　　　　　　　　　　　　　　　　　RICHARD E. DORR, JUDGE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT